# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:21-CR-00025-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MELVIN RUSSELL SHIELDS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Reconsider his Previous Motion for Early Termination of Supervised Release (Doc. No. 6). The Court has carefully considered this motion and for the reasons briefly discussed below, the Court will **DENY** the motion.

On November 17, 2014, the Northern District of California found Defendant guilty of conspiracy to commit wire, mail and bank fraud; wire fraud, aiding and abetting; making false statement to a bank, aiding and abetting; and securities fraud, aiding and abetting. Doc. No. 1-2. Defendant was sentenced to 78 months of imprisonment, 5 years of supervised release and restitution of $7,222,904.73. *Id*. His case was transferred from the Northern District of California to this District in 2021. Doc. No. 1. Defendant previously asked the Court to terminate his supervised release in December 2023. Doc. No. 4. The Court denied his motion without prejudice after the United States Probation Officer informed the Court that the supervising conditions did not limit Defendant's work travel. Doc. No. 5. Defendant now asks the Court to reconsider. Specifically, he asks that the Court either terminate his supervised release so that he may take a new job that requires international travel or modify the conditions of release to allow for international travel. Doc. No. 6.

1

Title 18 U.S.C. § 3583(e) states that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). In coming to its decision, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). § 3583(e).

In support of his motion, Defendant states that he has successfully completed over 66% of his supervised release term and that taking the job described in his motion would increase his family's income. *Id.* Defendant further states that he has worked out acceptable terms of travel within the United States that accommodate both his primary occupation as a car buyer and his second job in caviar sales. *Id.* Thus, at this time, the Court finds that early termination of Defendant's supervised release would not be in the interest of justice because his current terms allow him to be fully employed and he already enjoys the flexibility to travel for work within the United States. The Court will accordingly deny his motion for early termination of supervised release and will further deny his request to modify the terms of his supervised release to authorize international travel.

However, the Defendant, through his Probation Officer, may petition the Court to permit international travel on an as needed basis.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider his Previous Motion for Early Termination of Supervised Release, (Doc. No. 6), is **DENIED**. Defendant's term of supervised release shall continue as originally sentenced. The Clerk is directed to serve a copy of this Order on Defendant and the United States Probation Office.

**SO ORDERED**.

Signed: February 12. 2024

Kenneth D. Bell
United States District Judge